UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRMA HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | Judge |
| KETAN JOBANPUTRA, M.D., DAVID VALLEJO, M.D., ACCESS COMMUNITY HEALTH NETWORK, BLUE ISLAND HOSPITAL COMPANY LLC, and QHCCS LLC, | ) ) ) ) ) ) | Formerly Case No. 2018 L 13221 Circuit Court of Cook County, Illinois |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:    Dorothy Brown                          Craig L. Manchik
        Clerk of the Circuit Court               Lynne Plum Duffey
        Richard J. Daley Center, Room 1001     Manchik & Associates, P.C.
        50 W. Washington Street              900 W. Jackson Blvd., Suite 2E
        Chicago, Illinois 60602                Chicago, Illinois 60607

        Nora & Partners, LLP
        10 S. LaSalle St., Suite 2500
        Chicago, Illinois 60603

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

        1.       On December 7, 2018, plaintiff Irma Herrera commenced the above civil action against Ketan Jobanputra, M.D., David Vallejo, M.D., Access Community Health Network, and others, alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A.

For purposes of this lawsuit, Access Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Exhibit B. In addition, Ketan Jobanputra, M.D., and David Vallejo, M.D., were acting within the scope of their employment at Access Community Health Network with respect to the incidents referred to in the complaint. *Id.*

2. This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Access Community Health Network was a private entity receiving grant money from the Public Health Service and that defendants Ketan Jobanputra, M.D., and David Vallejo, M.D., were acting within the scope of their employment at Access Community Health Network with respect to the incidents referred to in the complaint. Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Access Community Health Network, Ketan Jobanputra, M.D., and David Vallejo, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Access Community Health Network, Ketan Jobanputra, M.D., and David Vallejo, M.D.

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Sarah F. Terman
        SARAH F. TERMAN
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 469-6201
        sarah.terman@usdoj.gov

# Exhibit A

FILED
12/7/2018 7:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L013221

IN THE CIRCUIT COURT FOR COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IRMA HERRERA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D; ACCESS COMMUNITY HEALTH NETWORK; BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC. | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, IRMA HERRERA, by her attorneys, LAW OFFICES OF CRAIG L. MANCHIK & ASSOCIATES, P.C., and complaining of Defendants, KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D; ACCESS COMMUNITY HEALTH NETWORK; BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC., and each of them, states as follows:

### FACTS COMMON TO ALL COUNTS

1. On or about May 2016, Plaintiff, IRMA HERRERA, presented to the clinic operated by Defendants, BLUE ISLAND HOSPITAL COMPANY LLC, QHCCS LLC, and ACCESS COMMUNITY HEALTH NETWORK (hereinafter, "Access Blue Island"), located at 13000 Maple Avenue, in the City of Blue Island, County of Cook, and State of Illinois, for prenatal diagnosis, evaluation and treatment and labor and delivery care, and came under the care of Defendants, DAVID VALLEJO M.D. and KETAN JOBANPUTRA M.D.

2. From on or about May 2016 through on or about December 21, 2016 and at all times relevant, Plaintiff, IRMA HERRERA, was under the care of Defendants, KETAN

JOBANPUTRA, M.D.; DAVID VALLEJO, M.D, and ACCESS COMMUNITY HEALTH NETWORK, by and through their actual or apparent agents or employees, including but not limited to physicians, nurses, technicians, and other allied health professionals, and including but not limited to other named defendants.

3. On or about December 9, 2016, Plaintiff, IRMA HERRERA, presented to the hospital known as Metrosouth Medical Center, located at 12035 S. Gregory Street, in the City of Blue Island, County of Cook and State of Illinois, owned and operated by Defendants, BLUE ISLAND HOSPITAL COMPANY LLC and QHCCS LLC (hereinafter "Metrosouth"), for diagnosis, evaluation, treatment, and labor and delivery care, and remained an inpatient at Metrosouth until on or about December 21, 2016.

4. From on or about December 9, 2016 through on or about December 21, 2016 and at all times relevant, Plaintiff, IRMA HERRERA, was under the care of Defendants, KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D; ACCESS COMMUNITY HEALTH NETWORK; BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC., by and through their actual or apparent agents or employees, including but not limited to physicians, nurses, technicians, and other allied health professionals, and including but not limited to other named defendants.

5. On or about December 10, 2016, during and after labor and delivery of her infant while under the care of Defendants, KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D; ACCESS COMMUNITY HEALTH NETWORK; BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC, Plaintiff, IRMA HERRERA, suffered post-partum hemorrhage, shock, DIC, kidney failure and other complications, and underwent a hysterectomy and other operative procedures.

## COUNT I

(Herrera v. KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D; and ACCESS COMMUNITY HEALTH NETWORK)

1 - 5. Plaintiff restates and re-alleges Paragraphs 1 through 5 of her Complaint as Paragraphs 1 through 5 of her Count I as though fully set forth herein this Count I.

6. On or about May 11, 2016 through on or about December 21, 2016 and at all times relevant, Defendant, DAVID VALLEJO M.D. was a duly licensed physician specializing in the practice of obstetrics and gynecology.

7. On or about May 11, 2016 through on or about December 21, 2016 and at all times relevant, Defendant, KETAN JOBANPUTRA, M.D. was a duly licensed physician specializing in the practice of obstetrics nad gynecology.

8. On or about May 11, 2016 through on or about December 21, 2016 and at all times relevant, Defendant, ACCESS COMMUNITY HEALTH NETWORK was an Illinois corporation with a principal place of business in Blue Island, Cook County, Illinois, which provided medical care, including physician, prenatal, obstetric, nurse, radiologist, technician and diagnostic care to patients including the Plaintiff, by and through their duly authorized agents and apparent agents and employees, including physicians, nurses, and other health care professionals, and including but not limited to other named defendants herein.

9. At all times relevant herein, Defendant, DAVID VALLEJO, M.D., was the actual or apparent agent of Defendant, ACCESS COMMUNITY HEALTH NETWORK, and was at all times acting in the course and scope of that agency or employment.

10. At all times relevant herein, Defendant, KETAN JOBANPUTRA, M.D. was the actual or apparent agent of Defendant, ACCESS COMMUNITY HEALTH NETWORK, and

was at all times acting in the course and scope of that agency or employment.

11. At all times relevant herein, Defendant, DAVID VALLEJO, M.D. was the actual or apparent agent of Defendants, BLUE ISLAND HOSPITAL COMPANY LLC and QHCCS LLC., and was at all times acting in the course and scope of that agency or employment.

12. At all times relevant herein, Defendant, KETAN JOBANPUTRA, M.D., was the actual or apparent agent of Defendants, BLUE ISLAND HOSPITAL COMPANY LLC and QHCCS LLC., and was at all times acting in the course and scope of that agency or employment.

13. At the time and place aforesaid and at all times relevant, Defendant, DAVID VALLEJO, M.D., had a duty to possess and apply that degree of skill and care which is usually exercised by reasonably well-qualified specialists in obstetrics and gynecology..

14. At the time and place aforesaid and at all times relevant, Defendant, KETAN JOBANPUTRA, M.D. had a duty to possess and apply that degree of skill and care which is usually exercised by reasonably well-qualified specialists in obstetrics and gynecology.

15. At the time and place aforesaid and at all times relevant herein, Defendants, KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D,; and ACCESS COMMUNITY HEALTH NETWORK, by and through their actual or apparent agents and employees, including nurses, physicians, resident physicians, technicians and other health care professionals, and including but not limited to other named defendants herein, were then and there guilty of one or more of the following negligent or careless acts or omissions:

  (a) Failed to properly evaluate, diagnose and treat IRMA HERRERA;

  (b) Failed to order proper tests for IRMA HERRERA;

  (c) Failed to take proper measures to prevent and control post-partum hemorrhage;

(d) Failed to properly and timely treat post-partum hemorrhage;

(e) Failed to timely obtain necessary consultations for IRMA HERRERA;

(f) Failed to take proper steps to prevent injury to IRMA HERRERA;

(g) Treated IRMA HERRERA in such a fashion that she suffered catastrophic hemorrhage, shock, kidney failure, and other complications and underwent hysterectomy;

(h) Failed to properly and adequately inform IRMA HERRERA of the risk of post-partum hemorrhage; and

(i) Were otherwise careless and negligent.

19. As a direct result of one or more of the aforesaid violations of the applicable standard of care by Defendants, KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D.; and ACCESS COMMUNITY HEALTH NETWORK, by and through their actual or apparent agents and employees, including nurses, physicians, resident physicians and other health care professionals, and including but not limited to other named defendants herein, Plaintiff, IRMA HERRERA, was injured and sustained damages, including pain and suffering, unnecessary surgery and other medical treatment, shock, DIC, kidney failure, seizures, encephalopathy, loss of a normal life, disability, disfigurement, medical expenses and other injuries, all of which are permanent in nature.

WHEREFORE, for all the reasons set forth above, Plaintiff, IRMA HERRERA, prays for judgment against Defendants, KETAN JOBANPUTRA, M.D.; DAVID VALLEJO, M.D.; and ACCESS COMMUNITY HEALTH NETWORK, and each of them, in an amount in excess of the jurisdictional minimum of the Law Division of the Circuit Court of Cook County, as a jury may deem fit to fairly and adequately compensate her for the injuries and damages sustained.

## COUNT II

(Herrera v. BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC.)

1 - 5. Plaintiff restates and re-alleges Paragraphs 1 through 5 of her Complaint as Paragraphs 1 through 5 of her Count II as though fully set forth herein this Count II.

6. On or about May 11, 2016 through on or about December 21, 2016 and at all times relevant, Defendants, BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC. owned, operated, managed and controlled a certain hospital facility located in Blue Island, Illinois and known as " Metrosouth Medical Center" (hereinafter, "Metrosouth").

7. On or about May 11, 2016 through on or abotu December 21, 2016 and at all times relevant, Metrosouth, operated by Defendants, BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC., provided medical care, including physician, nurse, other health care professional, emergency, prenatal, labor and delivery, obstetric, diagnostic and other care to patients including the Plaintiff, by and through its duly authorized agents and apparent agents and employees, including but not limited to physicians, nurses, technicians, and other health care professionals and including but not limited to other named defendants herein.

8. At all times relevant herein, Defendant, KETAN JOBANPUTRA M.D., was the actual or apparent agent of Defendants, BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC., and was at all times acting in the course and scope of that agency or employment.

9. At all times relevant herein, Defendant, DAVID VALLEJO M.D., was the actual or apparent agent of Defendants, BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC, and was at all times acting in the course and scope of that agency or employment.

10. At all times relevant herein, Defendants, BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC, by and through their actual or apparent agents and employees, including

nurses, physicians, technicians, and other health care professionals, and including but not limited to other named defendants herein, had a duty to exercise that degree of skill and care which is usually exercised by reasonably well-qualified health care professionals.

11. At the time and place aforesaid and at all times relevant herein, Plaintiff, IRMA HERRERA, presented to the hospital operated by Defendants and came under the care of Defendants, BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC, by and through their actual and apparent agents and employees, including nurses, physicians, technicians and other health care professionals and including but not limited to other named defendants herein.

12. At the time and place aforesaid and at all times relevant herein, Defendants, BLUE ISLAND HOSPITAL COMPANY LLC; and QHCCS LLC., by and through their actual or apparent agents and emloyees, including nurses, physicians, technicians, and other health care professionals, and including but not limited to other named defendants herein, were then and there guilty of one or more of the following negligent or careless acts or omissions:

- (a) Failed to properly evaluate and monitor the condition of IRMA HERRERA;
- (b) Failed to properly and timely communicate with physicians concerning the condition of IRMA HERRERA;
- (c) Failed to take required nursing actions to prevent and control post-partum hemorrhage;
- (d) Failed to recognize and report signs and symptoms of impending post-partum hemorrhage;
- (e) Failed to properly and timely assess the condition of IRMA HERRERA;
- (f) Failed to take proper steps to prevent injury to IRMA HERRERA;
- (g) Treated IRMA HERRERA in such a fashion that she suffered post-partum hemorrhage, shock, DIC, kidney failure, and other complications, and underwent hysterectomy and other operative procedures;

(h) Failed to properly and adequately inform IRMA HERRERA of the risks of post-partum hemorrhage; and

(i) Were otherwise careless and negligent.

13. As a direct result of one or more of the aforesaid violations of the applicable standard of care by Defendants, BLUE ISLAND HOSPITAL COMPANY LLC and QHCCS LLC, by and through their actual or apparent agents and employees, including nurses, physicians, technicians and other health care professionals, and including but not limited to other named defendants herein, Plaintiff, IRMA HERRERA, was injured and sustained damages, including pain and suffering, unnecessary surgery and other medical treatment, shock, DIC, kidney failure, seizures, encephalopathy, loss of a normal life, disability, disfigurement, medical expenses and other injuries, all of which are permanent in nature.

WHEREFORE, for all the reasons set forth above, Plaintiff, IRMA HERRERA, by her attorneys, LAW OFFICES OF CRAIG L. MANCHIK & ASSOCIATES, P.C., prays for judgment against Defendants, BLUE ISLAND HOSPITAL COMPANY LLC and QHCCS LLC, and each of them, in an amount in excess of the jurisdictional minimum of the Law Division of the Circuit Court of Cook County, as a jury may deem fit to fairly and adequately compensate her for the injuries and damages sustained.

Respectfully submitted,

BY: _____
One of the Attorneys for Plaintiffs

Craig L. Manchik
Lynne Plum Duffey
LAW OFFICES OF
CRAIG L. MANCHIK & ASSOCIATES, P.C.
900 W. Jackson Blvd., Suite 2E
Chicago, IL 60607
Phone: 312-460-8888
Fax: 312-460-8890
Cook Co. Firm No. 33063

FILED DATE: 12/7/2018 7:03 PM  2018L013221

# Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Irma Herrera v. Ketan Jobanputra, et al.,* No. 2018 L 013221 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Ketan Jobanputra, M.D., and David Vallejo, M.D., were acting within the scope of their employment at Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Access Community Health Network, Ketan Jobanputra, M.D., and David Vallejo, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

    s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: April 30, 2019